# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5868 | **DATE** | May 2, 2012 |
| **CASE TITLE** | Jones v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider is GRANTED. The court's December 29, 2011 order is reversed and Counts I and II of the original complaint are reinstated on behalf of Carlos Saucedo and Sinai Saucedo only.

## STATEMENT

This case arises out of the April 16, 2010 death of Oliverio Saucedo while in Defendant's custody. On August 11, 2011, Plaintiff Kim Jones, Administrator of the Estate of Oliverio Saucedo, filed a three-count complaint under Illinois' Wrongful Death (740 ILCS 180/2) and Survival (755 ILCS 5/27-6) Acts, and 42 U.S.C. § 1983. Defendant moved to dismiss the state law claims, alleging the claims were time-barred under Section 10/8-101 of the Illinois Tort Immunity Act, which creates a one-year statute of limitations for civil actions brought against local entities. 745 ILCS 10/8-101. On December 29, 2011, I granted the motion to dismiss the state law claims. On January 23, 2012, Plaintiff timely filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 54(b). After revisiting the briefing papers, I see that I misapprehended Plaintiff's argument. I now reverse the December 29, 2011 order and reinstate the state law claims on behalf of Carlos and Sinai Saucedo.

This case is controlled by *Ferguson v. McKenzie*, 202 Ill.2d 304 (Ill. 2001), which held that the Tort Immunity Act's one-year limitations period does not begin to run against minor beneficiaries until they reach the age of 18. *Id*. at 312. In this case, both Carlos and Sinai Saucedo, next of kin, were under the age of 18 when the cause of action accrued, and both were under the age of 19 when the complaint was filed on August 11, 2011. The state law claims on behalf of both of them were timely.

It is immaterial that the claims belong to the "estate as a whole" and not to the individual beneficiaries–so did the claim in *Ferguson*, which Defendant has not convincingly distinguished. And *Ray v. Maher*, 662 F.3d 770 (7th Cir. 2011) is inapposite. Unlike *Ray*, the plaintiff in this case brought her claims *within* the general two-year statute of limitations. The question is whether the Tort Immunity Act truncated that period, a question the Seventh Circuit did not consider in *Ray*, and which *Ferguson* resolves in Plaintiff's favor.

| **STATEMENT** |
|---|
| For the foregoing reasons, Counts I and II of the original complaint are reinstated on behalf of Carlos Saucedo and Sinai Saucedo only. |